CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. Cynthia Andrews                                           DKT. NO. 1:22CR00257-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Kayla Martinez, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Cynthia Andrews, who was placed on supervision by the Honorable Robert J. Shelby sitting in the United States District Court in Salt Lake City, Utah, on December 9, 2019.  The defendant was sentenced to 37 months' imprisonment and 3 years' supervised release for the offenses of Bank Fraud, in violation of 18 U.S.C. § 1344; and Wire Fraud, in violation of U.S.C. § 1343. Supervision commenced on February 2, 2022, and is set to expire on February 1, 2025.  Jurisdiction of the defendant's case was transferred from the District of Utah to the District of Colorado on August 15, 2022, and her case has been assigned to the Honorable Charlotte N. Sweeney. As noted in the judgment [Document 1-1] and Order Regarding Request for Modification of the Conditions of Supervision [Documents 9], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED**

On or about February 22, 2023, the defendant was directed to report to the probation officer at 08:30 a.m. on March 1, 2023, and she failed to so report, which constitutes a Grade C violation of supervised release.

On February 22, 2023, I instructed the defendant to report to the Probation Office on March 1, 2023, to meet with Supervisory U.S. Probation Officer (SUSPO) Edgar Ruiz and myself to discuss ongoing non-compliance. I also spoke to her husband on February 22, and 28, 2023, who confirmed he would reiterate the reporting instructions to her for our scheduled meeting on March 1, 2023.  The defendant failed to report as instructed. Multiple attempts were made on March 1, 2023, via phone to get her to report with no response.

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about January 13, 2023, the defendant used or administered a controlled substance, fentanyl, which had not been prescribed for her by a physician.  This constitutes a Grade C violation of supervised release.

On January 13, 2023, the defendant submitted a urinalysis at the Probation Office, which produced a presumptive positive result for fentanyl. On January 27, 2023, the defendant signed an admission form admitting to ongoing fentanyl use for the last 6 weeks with the last use being on or around January 26, 2023.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about February 5, 2023, the defendant used or administered a controlled substance, fentanyl, which had not been prescribed for her by a physician.  This constitutes a Grade C violation of supervised release.

On February 7, 2023, the defendant reported to the Probation Office, and she stated she would not be able to submit a urine screen and signed an admission form admitting to ongoing fentanyl use with most recent use being February 5, 2023. The defendant met with SUSPO Edgar Ruiz and me to address ongoing drug use and possible consequence of continued illicit drug use. The defendant agreed to sign a modification of her conditions to include a mental health condition.

4. **FAILURE TO PARTICIPATE IN (SUBSTANCE ABUSE OR MENTAL HEALTH) TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to keep counseling appointments at Independence House, the testing and treatment program in which the probation officer directed her to participate on January 13, 2023.  This constitutes a Grade C violation of supervised release.

The defendant was given multiple reminders to contact treatment to engage in substance abuse services. The most recent being February 15, 2023, she again was instructed to contact Independence House and engage in treatment services and was notified that her mental health condition was added.  At that time, she told me she "really did not want to go to treatment." She was advised to contact Independence House and schedule services and notify me on same day with the date services were scheduled, she failed to do so.

5. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide a valid urinalysis at Independence House, the testing and treatment program in which the probation officer directed her to participate, on July 7, 2022. This constitutes a Grade C violation of supervised release.

Case 1:22-cr-00257-CNS   Document 10   Filed 03/07/23   USDC Colorado   Page 3 of 5

Cynthia Andrews  
1:22CR00257-1

Petition for Warrant on Person Under Supervision  
Page 3

March 7, 2023

On July 7, 2022, the defendant submitted a urine screen at Independence House, later confirmed by Abbott Toxicology on August 5, 2022, that the specimen submitted was not consistent with normal human urine-creatinine. The defendant was referred for a substance evaluation because of this tampered urine screen.

**6. FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Independence House, the testing and treatment program in which the probation officer directed her to participate, on July 24, November 28, December 13, 2022, January 8, 26, 27, February 12, and 21, 2023.  This constitutes a Grade C violation of supervised release.

On February 3, 2022, the defendant was referred to Independence House for drug testing and on the same date was instructed to initiate calling the drug testing line on participate in the drug testing program.  On July 24, November 28, December 13, 2022, January 8, 26, 27, February 12, and 21, 2023. Independence House staff sent email notification indicating the defendant had failed to submit to random urinalyses as required. As a response, reporting to the office was increased.

**7. FAILURE TO PAY FINE/RESTITUTION AS DIRECTED**

The defendant has failed to make payments toward her restitution since June 7, 2022, as directed by the court/probation officer, which constitutes of Grade C violation of supervised release.

A payment plan was established on June 7, 2022, with the expectation of defendant paying $150.00 each month by the 30th of each month until further notice. As of this writing, no payments have been received toward her restitution obligations.

A modification of conditions was granted by the District of Utah on June 7, 2022, authorizing monthly restitution in the amount of $150.00.  This was done as an attempt to work with the defendant until such time that she could secure employment that would increase her hours and income so she could meet her financial obligations.  She failed to comply with this requirement after multiple conversations and instructions to make her monthly payments were given to her.

**STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION**

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential risk of danger and flight presented by the defendant. The defendant has failed to comply with supervision by illicit substance use, failing to fully utilize resources provided to her by not engaging in treatment services at Independence House, and failure to report to the

Case 1:22-cr-00257-CNS   Document 10   Filed 03/07/23   USDC Colorado   Page 4 of 5

Cynthia Andrews  
1:22CR00257-1

Petition for Warrant on Person Under Supervision  
Page 4

March 7, 2023

Probation Office as instructed for further resources.  Further, the defendant is not communicating with the Probation Office, thus, a voluntary court appearance by summons is impractical.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violation(s) of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Kayla Martinez*
  Kayla Martinez
  United States Probation Officer
  Place:   Denver
  Date:    March 7, 2023

*s/Edgar T. Ruiz*
  Edgar T. Ruiz
  Supervisory United States Probation Officer
  Place:   Denver
  Date:    March 7, 2023

### PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of Class B and C felonies, thus the maximum sentence allowed upon revocation is 3 years' imprisonment, pursuant to 18 U.S.C. § 3583(e).  Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation.  The defendant's criminal history is a Category I, thus the advisory guideline range for revocation is 3 to 9 months.

### STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of flight and danger.  The defendant is serving a term of supervised release in the instant offense which she, and her co-defendant (husband), were responsible over a multiple year span, schemed and defrauded her parents for approximately $333,0000 for the purpose of obtaining money for enjoyment and purchasing OxyContin according to the Presentence Investigation Report prepared in the instant offense.

It is suspected the defendant has been struggling for a lengthy period of time with illicit substance use given that she submitted a non-human urine screen in July 2022 and multiple diluted urine screens following thereafter. Her husband has contacted me with

Case 1:22-cr-00257-CNS   Document 10   Filed 03/07/23   USDC Colorado   Page 5 of 5

Cynthia Andrews  
1:22CR00257-1

Petition for Warrant on Person Under Supervision  
Page 5

March 7, 2023

concerns for her continued substance use and has attempted to get her into detox that she refused to participate in. The defendant has minimal motivation to comply with her term of supervised release, and due to her lack of communication with Probation Office and failure to report as instructed, she poses both a risk of flight and danger and should be detained.

Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.